# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL TYSON,<br><br>                                Plaintiff,<br><br>  vs.<br><br><br>WELLS FARGO BANK N.A. et al.,<br><br>                                Defendant. | CASE NO. 12-cv-593-MMA (WMc)<br><br>**ORDER DENYING EX PARTE REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS; AND**<br><br>[Doc. No. 15]<br><br>**GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>[Doc Nos. 5, 8, 11] |

## BACKGROUND

This action arises out of a secured loan made on February 22, 2006, by World Savings Bank, FSB ("World Savings") to Plaintiff Randall Tyson, and his wife, Gail Tyson to finance the purchase of real property located at 3535 Pine Avenue, in Long Beach, California 90807. [Request for Judicial Notice "RJN", Doc. No. 5-3, Exh. A.] Plaintiff defaulted on the loan and as a result, Wells Fargo Bank, N.A., as the successor to World Savings, initiated foreclosure proceedings and the property was subsequently sold at foreclosure sale. [RJN, Exhs. E, F, N.]

On May 31, 2011, Plaintiff commenced a civil action in the Los Angeles County Superior Court, *Tyson v. World Savings Bank, FSB, et al.*, NC056109 challenging the foreclosure of his property. [RJN, Exh. H.] The action was removed to the United States District Court, Central

1  District of California, and subsequently remanded.  On January 10, 2012, the Superior Court
2  sustained Wells Fargo's demurrers to all but one of Plaintiff's causes of action and granted leave
3  to amend solely with respect to his cause of action for promissory estoppel.  [RJN, Exh. I.]  On
4  February 9, 2012, Plaintiff filed a First Amended Complaint ("FAC") [RJN, Exh. J] and Wells
5  Fargo demurrered to the FAC.  [RJN. Exh. K.]  Plaintiff did not oppose Wells Fargo's demurrer
6  and on March 15, 2012, the Superior Court sustained Wells Fargo's demurrer to the FAC without
7  leave to amend.  [RJN, Exh. L.]
8      On March 9, 2012, prior to the superior court's hearing on Wells Fargo's demurrer,
9  Plaintiff, proceeding *pro se*, filed this action against Defendants Wells Fargo Bank N.A. ("Wells
10 Fargo"), NDEx West LLC, Ross M. Klein, O. Andrew Wheaton, and Robert T. Lane.  The
11 complaint alleges causes of action for: (1) breach of contract, impaired covenant of good faith and
12 fair dealing; (2) fraud and misrepresentation; (3) usury and misrepresentation; (4) wrongful
13 foreclosure; and (5) intentional infliction of emotional distress.  Plaintiff's allegations arise out of
14 the loan transaction and the subsequent superior court foreclosure action.
15     On March 30, 2012, Wells Fargo and Wheaton filed a motion to dismiss Plaintiff's
16 complaint [Doc. No. 5] and on April 3, NDEx West LLC joined the motion.  [Doc. No. 6.]  On
17 April 5, 2012, Lane filed a motion to dismiss.  [Doc. No. 8.]  Both motions were set for hearing on
18 May 21, 2012.  On May 2, 2012, Klein filed a motion to dismiss, which is set for hearing on July
19 16, 2012.  [Doc. No. 11.]  Plaintiff did not file an opposition to Wells Fargo or Lane's motions to
20 dismiss by May 7, 2012 as required by Civil Local Rule 7.1.e.2.  On May 15, 2012, the Court took
21 the unopposed motions under submission pursuant to Civil Local Rule 7.1.d.1.  [Doc. No. 13.]
22     On May 22, 2012, Plaintiff filed the pending *ex parte* request for additional time to respond
23 to Defendants' motions to dismiss.  [Doc. No. 15.]  On May 24, 2012, Defendant Wells Fargo and
24 Wheaton filed an opposition to the *ex parte* motion.  [Doc. No. 16.]
25 / / /
26 / / /
27 / / /
28 / / /

## REQUEST FOR JUDICIAL NOTICE

Wells Fargo filed a Request for Judicial Notice concurrently with its motion to dismiss requesting the Court take judicial notice of certain public documents related to the property and Plaintiff's prior lawsuit. [Doc. No. 5-3.] A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED.R.EVID. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). This includes matters of public record found outside of the pleadings, such as court records, orders, and other documents related to the proceeding. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

The public documents relating to the subject property submitted by Wells Fargo are not subject to reasonable dispute and are proper subjects of judicial notice. Courts have taken judicial notice of nearly identical documents. *e.g. Rodriguez v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 145174 (N.D. Cal. 2011) (taking judicial notice of deed of trust, notice of default and notice of trustee's sale). Likewise, the Court may take judicial notice of the court documents pertaining to Plaintiff's superior court action because they are matters of public record and are related to the proceeding. Thus, to the extent that the Court references such documents herein, Wells Fargo's Request for Judicial Notice is **GRANTED**.

## DISCUSSION

### 1)   *Ex Parte Motion for Extension of Time to Respond*

Plaintiff seeks an extension of time to respond to Defendants motions to dismiss.[1] Upon review of Plaintiff's *ex parte* motion and Defendants' opposition, the Court finds the motion is untimely and Plaintiff has not demonstrated good cause for an extension of time. "Although plaintiff is appearing without benefit of counsel, . . . [he] must comply with the Federal Rules of Civil Procedure." *Virginia Reeder v. John Knapik DBA K/Mont Construction*, 2007 U.S. Dist.

---

[1] Although Plaintiff did not specify to which motion(s) his *ex parte* request pertains, given that Plaintiff's opposition to Klein's motion to dismiss is not due until June 25, 2012, the Court shall construe the motion as pertaining to Wells Fargo's motion [Doc. No. 5] and Lane's motion. [Doc. No. 8.]

1  LEXIS 40675 at *7 (S.D. Cal. 2007).  Likewise, Plaintiff must also comply with the deadlines set
2  forth in the Civil Local Rules.  Clearly this Plaintiff has prior experience with the judicial system,
3  as he litigated his prior action in multiple jurisdictions.  Thus, his *pro se* status does not afford him
4  the normal leniency that is often afforded to *pro se* litigants.  Accordingly, in the absence of good
5  cause and due to the untimely nature of the request, Plaintiff's *ex parte* motion for an extension of
6  time to oppose Defendants' motions to dismiss is **DENIED.**

7  *2)     Defendants Unopposed Motions to Dismiss*

8       The Ninth Circuit has held a district court may properly grant an unopposed motion
9  pursuant to a local rule where the local rule permits, but does not require, the granting of a motion
10 for failure to respond.  *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Civil
11 Local Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner
12 required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that
13 motion or other ruling by the court."  As such, the Court has the option of granting Defendants'
14 motions to dismiss on the basis of Plaintiff's failure to respond.

15      Generally, public policy favors disposition of cases on their merits.  *See, e.g., Hernandez v.*
16 *City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  However, a case cannot move forward
17 toward resolution on the merits when the plaintiff fails to defend his case against a Rule 12(b)(2)
18 motion.  Thus, this policy lends little support to a party whose responsibility it is to move a case
19 toward disposition on the merits but whose conduct impedes or completely prevents progress in
20 that direction.  *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).  In addition, management of
21 this Court's docket is of vital significance to the proper and timely resolution of matters before it.
22 Consequently, the Court finds dismissal pursuant to Local Civil Rule 7.1(f)(3)(c) serves to
23 facilitate the management of its docket.

24      Although the Court may grant Defendants' motions to dismiss as unopposed, the Court has
25 reviewed the complaint and finds that dismissal is warranted on the merits.  Most of Plaintiff's
26 clams are barred by res judicata and Plaintiff's allegations do not state a claim upon which relief
27 can be granted.
28 / / /

Under the doctrine of res judicata, "'[a] final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action.'" *The Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992) (citations omitted). The causes of action asserted in the complaint are the same as in Plaintiff's previous action in the Los Angeles County Superior Court. The alleged wrongful conduct arises out of the same transaction or series of transactions with the same parties (with the addition of the Judge and defense attorneys in the state court action). Both actions involve the same nucleus of facts and the same relief in that Plaintiff seeks a determination of his right to the property. The previous order of dismissal was a final judgment on the merits.

There are sufficient policy justifications underlying the application of res judicata in the instant case. Res judicata "is motivated primarily by the interest in avoiding repetitive litigation, conserving judicial resources, and preventing the moral force of court judgments from being undermined." *Haphey v. Linn County*, 924 F.2d 1512, 1518 (9th Cir.1991), rev'd in part on other grounds, 953 F.2d 549 (9th Cir.1992) (en banc). In repeating these causes of action in the present lawsuit, Plaintiff is attempting to relitigate issues that have already been resolved. The allegedly unlawful foreclosure of Plaintiff's property is the factual basis for all causes of action asserted in his complaint in this action, as well as in the previous litigation. It would be a waste of judicial resources to revisit these claims.

In addition, Plaintiff's allegations in the present action fail to state a claim upon which relief can be granted. It is well-established that a court must "liberally construe" the complaint of a plaintiff appearing *pro se*. See *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see also Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("More generally, the Court has held *pro se* pleadings to a less stringent standard than briefs by counsel and reads *pro se* pleadings generously, 'however inartfully pleaded,'" citing *Haines*, 404 U.S. at 519, 520); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1268 (9th Cir. 1992) (noting that the entry of a default judgment "against a pro se litigant . . . for essentially a mistake of form strikes us as an unjust and excessive sanction"). Although the federal rules allow for a flexible pleading policy, particularly with regard to a plaintiff appearing *pro se*, a complaint must still provide fair notice of the claims and must

allege enough facts to state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). Upon review of the complaint, the Court finds that Plaintiff's allegations are insufficient to state a claim.

Furthermore, even if Plaintiff could state a claim, the case would be subject to dismissal for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). The complaint, on its face, demonstrates no plausible ground for jurisdiction over Defendants or venue in the Southern District of California. Given that Plaintiff has previously litigated these claims in the Central District of California, Plaintiff's decision to file this action in the Southern District of California indicates an attempt at forum shopping.

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Thus, to the extent that Plaintiff has brought claims against non-moving Defendants, the Court finds those Defendants to be similarly situated and the claims against them are also subject to dismissal.

Finally, Plaintiff's claims against the Honorable Ross M. Klein, Judge of the Superior Court of California, County of Los Angeles, are subject to dismissal because judicial officers are absolutely entitled to unqualified immunity. The United States Supreme Court established the rule that judges are immune from civil suits arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1872). Here, Plaintiff's claims against Judge Klein

1  relate to his actions as a judicial officer and as such, all claims against Judge Klein are barred by
2  judicial immunity.
3       Where, as here, it is clear that the deficiencies of a complaint cannot be cured by
4  amendment, dismissal with prejudice is warranted.  *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9
5  (9th Cir. 1984).  Accordingly, Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.  The
6  Clerk of Court is intrusted to close the case.
7       **IT IS SO ORDERED**.

9  DATED:  May 30, 2012

Hon. Michael M. Anello
United States District Judge