1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

RANDALL TYSON,

                                        Plaintiff,

        vs.

WELLS FARGO BANK N.A. et al.,

                                        Defendant.

CASE NO. 12-cv-593-MMA (WMc)

**ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

[Doc. No. 19]

### BACKGROUND

        This action arises out of a secured loan made on February 22, 2006, by World Savings Bank, FSB ("World Savings") to Plaintiff Randall Tyson, and his wife, Gail Tyson to finance the purchase of real property located at 3535 Pine Avenue, in Long Beach, California 90807. [Request for Judicial Notice "RJN", Doc. No. 19-4, Exh. B.]  Plaintiff defaulted on the loan and as a result, Wells Fargo Bank, N.A. ("Wells Fargo"), as the successor to World Savings, initiated foreclosure proceedings and the property was subsequently sold at foreclosure sale.

        On May 31, 2011, Plaintiff commenced a civil action in the Los Angeles County Superior Court, *Tyson v. World Savings Bank, FSB, et al.*, NC056109 challenging the foreclosure of his property.  [RJN, Exh. D.]  The action was removed to the United States District Court, Central District of California, and subsequently remanded.  On January 10, 2012, the superior court sustained Wells Fargo's demurrers to all but one of Plaintiff's causes of action and granted leave

1    to amend solely with respect to his cause of action for promissory estoppel.  On February 9, 2012,

2    Plaintiff filed a First Amended Complaint ("FAC") and Wells Fargo demurrered to the FAC.

3    [RJN. Exh. E.]  Plaintiff did not oppose Wells Fargo's demurrer and on March 15, 2012, the

4    superior court sustained Wells Fargo's demurrer to the FAC without leave to amend.

5         On March 9, 2012, prior to the superior court's hearing on Wells Fargo's demurrer,

6    Plaintiff, proceeding *pro se*, filed this action against Defendants Wells Fargo, NDEx West LLC,

7    Ross M. Klein, O. Andrew Wheaton, and Robert T. Lane.  [Complaint, Doc. No. 1.]  The

8    complaint alleges causes of action for: (1) breach of contract, impaired covenant of good faith and

9    fair dealing; (2) fraud and misrepresentation; (3) usury and misrepresentation; (4) wrongful

10   foreclosure; and (5) intentional infliction of emotional distress.  Plaintiff's allegations arise out of

11   the loan transaction and the subsequent superior court foreclosure action and seek to hold Wells

12   Fargo liable for its failure to fund the underlying loan with silver or gold.  [*See id*.]  Plaintiff also

13   named the superior court judge presiding over the superior court action (Hon. Ross M. Klein), the

14   attorney who represented Wells Fargo in the superior court action (O. Andrew Wheaton) and the

15   attorney who represented Wells Fargo in an unlawful detainer proceeding against Plaintiff (Robert

16   Lane).

17        In response to the complaint, each Defendant filed a motion to dismiss Plaintiff's

18   complaint or joined another Defendant's motion.  [Doc. Nos. 5, 6, 8, 11.]  Plaintiff did not file a

19   timely opposition to the motions and the Court ultimately granted all of Defendants' motions and

20   dismissed Plaintiff's action with prejudice.  [Doc. No. 17.]  On June 13, 2012, Defendants Wells

21   Fargo Bank N.A. and O. Andrew Wheaton ("Moving Defendants") filed the pending motion for

22   attorneys' fees.  [Doc. No. 19.]

23                              **REQUEST FOR JUDICIAL NOTICE**

24        Moving Defendants filed a Request for Judicial Notice concurrently with their motion for

25   attorneys' fees, requesting the Court take judicial notice of certain public documents related to this

26   action, the subject property, and Plaintiff's prior lawsuit.  [Doc. No. 19-4.]  A district court may

27   take notice of facts not subject to reasonable dispute that are "capable of accurate and ready

28   determination by resort to sources whose accuracy cannot reasonably be questioned."  FED. R.

1    EVID. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  This includes

2    matters of public record found outside of the pleadings, such as court records, orders, and other

3    documents related to the proceeding.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th

4    Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

5         The public documents relating to the subject property are not subject to reasonable dispute

6    and are proper subjects of judicial notice.  Courts have taken judicial notice of nearly identical

7    documents.  *See e.g. Rodriguez v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 145174 (N.D.

8    Cal. 2011) (taking judicial notice of deed of trust, notice of default, and notice of trustee's sale).

9    Likewise, the Court may take judicial notice of the court documents pertaining to Plaintiff's

10   superior court action because they are matters of public record and are related to the proceeding.

11   Accordingly, Moving Defendants' Request for Judicial Notice is **GRANTED** with respect to the

12   documents relating to the subject property and Plaintiff's previous superior court action.

13   However, the Court need not take judicial notice of the judgment entered in the instant case, as it is

14   a fact of the case.

15                                     **LEGAL STANDARD**

16        "In an action where a federal district court exercises subject matter jurisdiction over a state

17   law claim, so long as state law does not contradict a valid federal statute, state law denying the

18   right to attorney's fees or giving a right thereto . . . should be followed."  *Avery v. First Resolution*

19   *Management Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009)(*citing MRO Communications, Inc. v.*

20   *AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (holding state law controls entitlement to

21   attorneys' fees if the district court exercises subject matter jurisdiction over a state law claim)).

22        California permits parties to allocate attorneys' fees by contract.  See Cal. Civ. Proc. Code

23   § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode

24   of compensation of attorneys and counselors at law is left to the agreement, express or implied, of

25   the parties ….").  When attorneys' fees are to be awarded pursuant to a contractual agreement, the

26   party requesting attorneys' fees must demonstrate that the fee award is authorized by the contract,

27

28

1   they are the prevailing party, and that the fees requested are reasonable.  Cal. Civ. Code § 1717[1];

2   *see also LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334,

3   1339 (9th Cir. 1986).  California Code of Civil Procedure section 1032(b) confirms that, "Except

4   as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to

5   recover costs in any action or proceeding."  California Code of Civil Procedure section 1033.5(a)

6   specifies that attorneys' fees, when authorized by contract, are allowable as costs under Section

7   1032.

8        "[U]nder California statutory and Supreme Court law, prevailing parties are entitled to

9   contractual attorneys fees as a matter of right and district courts have no discretion to deny such

10  fees."  *Omega v. Wells Fargo & Co.*, 2012 U.S. Dist. LEXIS 98399 (N.D. Cal. June 25, 2012)

11  (citing *Hsu v. Abbara,*, 9 Cal. 4th 863, 877-78, 39 Cal. Rptr. 2d 824, 891 P.2d 804 (1995)).

12                                      **DISCUSSION**

13  ***1)      Contract Authorizing Prevailing Party to Collect Attorneys' Fees***

14        In order to collect attorneys' fees under California Civil Code § 1717, the contract at issue

15  must authorize attorneys' fees.  Moving Defendants argue that paragraph 7[E] of Plaintiff's

16  promissory note provides for an award of attorneys' fees.  The paragraph states: "[t]he Lender will

17  have the right to be paid back by [Plaintiff] for all of its costs and expenses in enforcing this Note

18  to the extent not prohibited by applicable law.  Those expenses may include, for example,

19  reasonable attorneys' fees and court costs."  [RJN, Ex. B, p. 4.].

20        Moving Defendants also argue that the deed of trust contains an attorneys' fee provision in

21  paragraph 7 of the section titled "Covenants":

22  / / /

23  / / /

24  / / /

25  _____

26        [1]  California Civil Code § 1717 provides:

27        In any action on a contract, where the contract specifically provides that attorney's fees
        and costs, which are incurred to enforce that contract, shall be awarded either to one of
        parties or to the prevailing party, then the party who is determined to be the party
28        prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition
        to other costs.

1

2

3

4

5

6

> If: (A) [Plaintiff] do[es] not keep [the] promises and agreements made in this Security Instrument, or (B) someone, including [Plaintiff], begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees . . . . [Plaintiff] will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes.

7

8

[RJN, Ex. C, p. 7.]

9

Here, Plaintiff's claims fall within the scope of the fee clause in both the promissory note

10

and the deed of trust. Plaintiff filed suit challenging the trustee's sale on the Property, which

11

would have significantly affected Moving Defendants' interest in the Property. Therefore, both

12

the promissory note and the deed of trust provide for an award of attorneys' fees in this case.

13

**2)      *Prevailing Party***

14

The second element of California Civil Code § 1717 is that the party requesting attorneys'

15

fees prevailed in the suit. "To be a prevailing party, the party must have received an enforceable

16

judgment on the merits . . ." *U.S. v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009). Enforceable

17

judgments on the merits materially alter the parties' legal relationship. *Id.* (citing *Buckhannon Bd.*

18

*& Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)). An

19

involuntary dismissal, "except one for lack of jurisdiction, improper venue, or failure to join a

20

party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. Pro. 41.

21

A dismissal with prejudice materially alters the legal relationship of the parties because the

22

defendant does not remain subject to the risk that the Plaintiff will re-file. *See Milner*, 583 F.3d at

23

1196 (concluding that Defendants did not prevail because Plaintiff's claims were dismissed

24

without prejudice and thus Defendants were still subject to the risk of re-filing); *see also Avery v.*

25

*First Resolution Management Corp.*, 568 F.3d 1018, 1024 (9th Cir. 2009).

26

Here, the Court granted Moving Defendants' motion to dismiss with prejudice as to all

27

claims. Under *Milner*, the parties' legal rights were altered since Defendants do not remain

28

subject to the risk that Plaintiff will re-file the claims. Thus, Defendant received an enforceable

judgment on the merits that materially altered the legal rights of the parties. Accordingly, the

1    Court finds that Defendant is the prevailing party and is entitled to attorneys' fees.

2    **3)      *Reasonable Attorneys' Fees***

3           In calculating reasonable attorney fees, courts consider the following factors: (1) the time

4    and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary

5    to perform the legal services properly, (4) the preclusion of other employment by the attorney due

6    to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time

7    limitations imposed by the client or circumstances, (8) the amount involved and the results

8    obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the

9    case, (11) the nature and length of the professional relations with the client, and (12) awards in

10   similar cases. *LaFarge*, 791 F. 2d at 1341-42. "The matter of reasonableness of attorney's fees is

11   within the sound discretion of the trial judge." *Stokus v. Marsh*, 217 Cal.App.3d 647, 656, 266

12   Cal. Rptr. 90 (1990).

13          Here, Moving Defendants request fees of $10,840, consisting of a $7,800 flat fee plus

14   another $3,040 for work on the fee motion. [Flewelling decl., ¶ ¶ 4-7.] The total time billed to

15   complete this work was 34.2 hours (28 hours on the motion to dismiss and 6.2 hours on the motion

16   for attorneys' fees), amounting to $9,671. [*Id.* Ex. A.] O. Andrew Wheaton[2] had primary

17   responsibility for defending this case and was assisted by attorney Jeremy E. Shulman[3] and

18   paralegals Ruben Hernandez and Malinda Sinclair. [*Id*. at ¶ 3.] Their billing rates, respectively,

19   are $320/hour; $280/hour; $160/hour; and $140/hour. [*Id*.]

20          Moving Defendants provide sufficient support for their request in the form of declarations

21   by counsel and the Firm's billing records, which describe the nature of all services rendered. [*Id*.]

22   They also support their request by citing numerous cases in which courts within the Ninth Circuit

23   awarded attorneys' fees in similar foreclosure actions. *See e.g., Ortiz v. Wells Fargo Bank, N.A.*,

24   2011 U.S. Dist. LEXIS 133882, at * 9 (C.D. Cal. Nov. 10, 2011) (awarding $13,552 in attorneys'

---

26   [2] Wheaton received his J.D. from Harvard University in 1990 and has twenty-one years of experience litigating business cases before state and federal courts. [Flewelling Dec, ¶ 3(a).]

28   [3] Shulman received his J.D. from Boston University School of Law in 2001 and has ten years of experience litigating business and commercial disputes including real estate and banking matters. [Flewelling Dec, ¶ 3(b).]

fees for 55.3 hours of work); *Neufeld v. Wells Fargo Home Mortg., Inc.*, 2011 U.S. Dist. LEXIS 63238 (C.D. Cal. June 13, 2011) (awarding $17,603.50 in attorneys' fees for 111.63 hours of work at billing rates ranging from $350-$265); *Lopez v. Wachovia Mortg.*, 2010 U.S. Dist. LEXIS 87444, at *12 (E.D. Cal. July 29, 2010) (Reducing the total number of hours and awarding $12,224 in attorneys' fees); *Rivera v. Wachovia Bank*, 2009 U.S. Dist. LEXIS 98809 (S.D. Cal. Oct. 23, 2009) (awarding $19,055 in attorneys' fees). Plaintiff's opposition does not dispute Moving Defendants' claim that their requested fees are reasonable.[4]

Upon review of Moving Defendants' billing descriptions, the Court finds that Defendants' counsel's hourly rates ($320 and $280) are reasonable, but the number of hours billed are not. In particular, the Court finds the 21.5 hours O. Andrew Wheaton billed to prepare the motion to dismiss excessive, particularly given the similarity of this action to numerous other foreclosure cases the Firm has defended Wells Fargo against. As such, the Court reduces that time to 15 hours, which includes a reduction for the 1.2 hours Defendants spent to attend a hearing on a demurrer to Plaintiff's first amended complaint in the superior court action. Accordingly, the Court awards Moving Defendants attorneys' fees in the amount of $7,373, which the Court finds is reasonable compensation for 18.8 hours of work on the motion to dismiss and 6.2 hours of work on the motion for attorneys' fees.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Moving Defendants' motion for attorneys' fees and **AWARDS** $7,373 in attorneys fees to Wells Fargo and O. Andrew Wheaton.

**IT IS SO ORDERED**.

DATED: July 31, 2012

Hon. Michael M. Anello
United States District Judge

---

[4] Plaintiff's opposition merely recites the legal standard applied to motions for summary judgment and argues that summary judgment is not warranted here because there are triable issues of material fact. Plaintiff appears confused about the procedural posture of the action, as it was dismissed with prejudice before reaching the motion for summary judgment stage on the grounds that Plaintiff's complaint does not state a claim and amendment would be futile.